UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Ross Cullen Plumb,

        Plaintiff,

v.

Peterson et al,

        Defendants.

CASE NO. 3:19-cv-05199-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: September 6, 2019

This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Before the Court is defendants' motion to dismiss. Dkt. 15.

Plaintiff alleges that defendants used unreasonable excessive force and denied him medical treatment when he was escorted from his arraignment back to the jail. Defendants Whitehead, Peterson, and Pierce County move to dismiss plaintiff's complaint on the grounds that his claims are barred by res judicata and this action is barred by the statute of limitations under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. 15.

The Court finds that the doctrine of res judicata bars relitigation of plaintiff's complaint. There is an identity of claims between plaintiff's two cases, there was a final judgment on the merits in plaintiff's prior case, and privity between the parties in the suits exists. Accordingly, the Court recommends that defendants' motion to dismiss (Dkt. 15) be granted. The Court also recommends dismissing unserved defendant Sidbee without prejudice and denying defendants' motion for clarification (Dkt. 20) as moot.

## MATERIALS FOR CONSIDERATION

Attached to the motion to dismiss, defendants submit documents filed in plaintiff's prior federal court case, *Plumb v. Peterson et al.,* 2:17-cv-00419-RJB ("*Plumb I*"). Dkt. 15 at 9-38.

In ruling on a motion to dismiss, "a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). The Court may take judicial notice of matters either (1) generally known within the trial court's territorial jurisdiction or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (noting that a court may take judicial notice of federal and state court records).

Accordingly, the Court takes judicial notice of the documents filed in *Plumb I* to determine whether res judicata precludes plaintiff's suit. *See Amphibious Partners, LLC v. Redman,* 534 F.3d 1357, 1361–1362 (10th Cir. 2008) (Judicial notice is particularly appropriate for the court's own records in prior litigation related to the case before it and district court was entitled to take judicial notice of its memorandum of order and judgment from previous case involving same parties).

# BACKGROUND

## I. The Previous Action (*Plumb I*)

On January 5, 2017, plaintiff, through counsel, filed a complaint in King County Superior Court, Cause Number 17-2-00285-2-KNT, against correctional officers Peterson, Kavanaugh, Miller, Whitehead, Jackson-Kidder, and several John Does. *Plumb I* at Dkt. 1. Plaintiff alleged that in January 2015, while he was in custody at the Pierce County Jail, plaintiff was escorted to court for his arraignment by Peterson and two unidentified correctional officers (John Does). *Plumb I,* Dkt. 1-3 at 5. Plaintiff alleged that at the end of his arraignment, Peterson aggressively shoved plaintiff toward the exit of the courtroom. *Id.* at 6. Plaintiff alleged that the matters escalated, and a "match of sorts unfolded" whereby Peterson was shoving and tossing plaintiff just inside the rear exit to the courtroom. *Id.* Plaintiff alleged that the "perceived challenge to [] Peterson's authority apparently inspired [] Peterson to greater aggression which led to a series of violent throws and physical tosses of the plaintiff …." *Id.* at 6.

Plaintiff alleged that he was forcibly removed from the courtroom by Peterson, Miller, Kavanaugh, and Whitehead. *Id.* Plaintiff alleged that once in the hallway, he was "taken down" and offered no further resistance. *Id.* Plaintiff alleged that he heard another correctional officer shout "Tase him! Tase him!" *Id.* at 6-7. Plaintiff alleged that he responded that he was not resisting, but then felt the shock of the wired Taser hit him in the stomach. *Id.* at 7. Plaintiff alleged that the officers "pounced upon him." *Id.* at 7. Plaintiff alleged that he lost consciousness as one of the officers pressed his knees into his face and obstructed his ability to breath. *Id.* Plaintiff alleged that he begged them to stop and was told to "shut the f___up!" *Id.* Plaintiff alleged that he again stated he was not resisting and was told to "shut the f___ up". *Id.* Plaintiff alleged that he blacked out for an unknown period of time, after which he was drug/escorted to

1 an elevator. *Id.* at 7.

2 Plaintiff alleged that he was tased on the abdomen and buttocks. *Id.* Plaintiff alleged that on the elevator his face was "smashed" into a corner, and he was advised that he better not resist or they would "kill him." *Id.* at 7. Plaintiff alleged that he was placed in a single person isolation cell, where the taser prongs were removed by a correctional officer. *Id.* Plaintiff alleged that the taser wounds were not given appropriate medical attention. *Id.*

Plaintiff alleged that he was provided with a copy of the court video but told that the cameras in the back hallway did not record, which he disputed. *Id.* at 8.

On March 17, 2017, Peterson, Kavanaugh, Miller, Whitehead, Jackson-Kidder, and Pierce County removed on the matter to the U.S. District Court for the Western District of Washington. *Plumb I,* Dkt. 1. The defendants filed an answer on March 24, 2017. *Id.* at Dkt. 5. A joint status report was prepared by counsel for plaintiff and the defendants and filed on June 28, 2017. *Id.* at Dkt. 13. The trial date was set for April 23, 2018. *Id.* at Dkt. 14. Plaintiff's counsel subsequently moved for and was granted withdrawal as counsel in July and August 2017. *Id.* at Dkts. 16, 17. The Honorable Robert Bryan ordered that plaintiff, or newly retained counsel, enter an appearance no later than September 6, 2017. *Id.* at Dkt. entry dated August 16, 2017. Plaintiff did not deliver a pretrial statement to defendants, which was due March 20, 2018. *Id.* at Dkts. 18, 19. After seven months with no action in the case by plaintiff, defendants filed a motion to dismiss based on plaintiff's failure to prosecute. *Id.* at Dkt. 18.

On April 10, 2018, Judge Bryan entered an order giving plaintiff a limited opportunity to show cause why the case should not be dismissed for lack of prosecution, stating that the failure to respond to the order by April 13, 2018 would result in dismissal. *Id.* at Dkt. 21. On April 13, 2018, a pretrial conference was held, which plaintiff did not attend. *Id.* at Dkt. 22. The same day,

Judge Bryan granted the motion to dismiss and dismissed plaintiff's claims for failure to prosecute with prejudice. *Id.* at Dkts. 22, 23, 24.

## II.   The Current Action (*Plumb II*)

On March 15, 2019, approximately 11 months after the dismissal of *Plumb I,* plaintiff, who is now housed at the Airway Heights Corrections Center and proceeding *pro se*, filed the instant case against defendants Peterson, Whitehead, Pierce County Sheriff's Department, and Sidbee. Dkts. 1, 7. Plaintiff again repeats his allegations of excessive force and inadequate medical treatment based on the same underlying facts as *Plumb I.* Dkt. 7.

On the face of the complaint, plaintiff states "I'm refilling [sic] this suit because it was dismissed without prejudice." Dkt. 7 at 1. Plaintiff states that the disposition of his prior case was a dismissal for failure to prosecute. *Id.* at 2.

On June 21, 2019, defendants filed their motion to dismiss on grounds that plaintiff's claims are barred by the doctrine of res judicata and that this action is barred by the statute of limitations. Dkt. 15. The motion to dismiss is brought on behalf of all defendants but for defendant Sidbee who has not yet been served. *See* Dkt. 15. Plaintiff filed a response. Dkt. 21. Defendants filed a reply. Dkt. 23.

## STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be granted only if the complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Id.*; *Chavez v.*

*United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 556, 570). The pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*.

While the Court must accept all the allegations contained in the complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* When a plaintiff is proceeding *pro se*, his allegations must be viewed under a less stringent standard than allegations of plaintiffs represented by counsel. *Haines v. Kerner,* 404 US 519 (1972), *reh'g denied,* 405 U.S. 948 (1972); *Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc) (petitioner should be afforded the "benefit of any doubt").

While the court can liberally construe a plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). The court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## DISCUSSION

Defendants argue that the Court should dismiss plaintiff's complaint as barred under the res judicata doctrine, and in the alternative as barred under the statute of limitations. Dkt. 15.

**I.    Res Judicata**

The doctrine of res judicata, or claim preclusion, " 'bars 'all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties ... on the same cause of action.' ' " *C.D. Anderson & Co., Inc. v. Lemos,* 832 F.2d 1097, 1100 (9th Cir. 1987) (citing *McClain v. Apodaca,* 793 F.2d 1031, 1033 (9th Cir. 1986)). The court applies the doctrine whenever there is: (1) a final judgment on the merits; (2) identity or privity between parties; and (3) an identity of claims. *Tahoe–Sierra Preservation Council, Inc. v. Tahoe Reg. Planning Agency,* 322 F.3d 1064, 1077 (9th Cir. 2003).  A plaintiff cannot avoid the bar of claim preclusion merely by alleging conduct by the defendant not alleged in the prior action, or by pleading a new legal theory. *See McClain v. Apodaca,* 793 F.2d 1031, 1034 (9th Cir. 1986). *Smith v. City of Chicago*, 820 F.2d 916, 920 (7th Cir. 1987) (claim preclusion applied where single core of operative facts formed basis of both lawsuits and plaintiff neglected to raise § 1983 claim until years after it occurred and not until adverse judgment was rendered on cause of action for employment discrimination).

Defendants argue that res judicata bars plaintiff's complaint in its entirety because: (1) *Plumb I* ended with a final judgment; (2) there is privity between the parties in *Plumb I* and *Plumb II*; and (3) the claims presented in plaintiff's complaint substantially overlap with the issues adjudicated in *Plumb I.* Dkt. 15. In opposition, plaintiff argues that his prior case was "frustrated and impeded by my counsel and lack of counsel" and that he has now decided to represent himself. Dkt. 21 at 2.

Each of the elements of res judicata is analyzed in turn.

A. Final Judgment on the Merits

With respect to the first element, *Plumb I* was dismissed with prejudice for failure to prosecute, and a final judgment was entered on April 13, 2018. *Plumb I* at Dkt. 24. For the purposes of res judicata, a dismissal with prejudice for failure to prosecute is a final judgment on the merits. *See* Fed. R. Civ. P. 41(b); *Semtek Int'l Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 506 (2001) (explaining that a Rule 41(b) dismissal with prejudice "barred the refiling of the same claim in the United States District Court for the Central District of California."); *Stewart v. U.S. Bancorp,* 297 F.3d 953, 956 (9th Cir. 2002) ("The phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice' "); *Owens v. Kaiser Found. Health Plant,* 244 F.3d 708, 714 (9th Cir. 2001) (internal quotation marks omitted) (involuntary dismissal constitutes a final judgment on the merits).

Plaintiff now argues that he was abandoned by his prior attorney "who took no steps to protect my interests after his self-termination." Dkt. 21 at 2-3. However, plaintiff does not explain why his claims against defendants are not barred by res judicata and subject to dismissal. Moreover, while the Court has an obligation where the plaintiff is *pro se* to construe the pleadings liberally and to afford the plaintiff the benefit of the doubt, *see Bretz,* 773 F.2d at 1027 n. 1, there is no exception to res judicata for federal civil rights actions under 42 U.S.C. § 1983. *See Clark v. Yosemite Community College Dist.,* 785 F.2d 781, 788 n.9 (9th Cir. 1986).

Therefore, the Court concludes that the element of a final judgment on the merits is satisfied.

B. Identity or Privity of Parties

Second, privity exists between parties when "a person [is] so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject

matter involved." *United States v. Bhatia*, 545 F.3d 757, 759 (9th Cir. 2008) (internal quotation marks and citation omitted). Accordingly, the "doctrine of privity extends the conclusive effect of a judgment to nonparties who are in privity with parties in an earlier action." *United States v. ITT Rayonier, Inc.,* 627 F.2d 996, 1003 (9th Cir. 1980). Certain kinds of relationships are "sufficiently close" to conclude that privity exists, including "a non-party whose interests were represented adequately by a party in the original suit." *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (quoting *Southwest Airlines Co. v. Tex. Int'l Airlines, Inc.,* 546 F.2d 84, 95 (5th Cir. 1977)).

Here, all defendants in *Plumb I* are defendants in *Plumb II*. Compare *Plumb I* (naming as defendants Peterson, Kavanaugh, Miller, Whitehead, Jackson-Kidder, Pierce County, and John Does) *with Plumb II* (naming as defendants Peterson, Whitehead, Sidbee, and Pierce County). Thus, there is no dispute that the identity of parties is met with respect to defendants Peterson, Whitehead, and Pierce County.

With respect to newly named defendant Sidbee, defendant Sidbee was not named as a defendant in *Plumb I*. However, plaintiff identified defendant Sidbee's actions and plaintiff named several John Does as defendants in *Plumb I*. *Plumb I,* Dkt. 1-3. Based on the allegations in the complaint, defendant Sidbee is a correctional officer at Pierce County Jail, like defendants Peterson and Whitehead. Additionally, all three officers were involved in the same actions surrounding the events that occurred after plaintiff's arraignment, which plaintiff alleges resulted in his constitutional rights being violated. Thus, the Court concludes that the relationship between defendants Peterson and Whitehead and defendant Sidbee is sufficiently close such that defendant Sidbee's "interests were represented adequately" in *Plumb I*.  *In re Schimmels*, 127 F.3d at 881; *Yagman v. Garcetti*, 2017 WL 2115814, *3 (C.D. Cal. May 2, 2017) (finding that a

newly added defendant was in privity with previously named defendants because the new defendant was also an employee of the same entity and accused of violating the plaintiff's same constitutional rights). Accordingly, the Court concludes that the privity between parties element is met.

### C. Identity of Claims/Same Transactional Nucleus Facts

"[T]he central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.' " *Frank v. United Airlines, Inc.,* 216 F.3d 845, 851 (9th Cir. 2000) (quoting *Costantini v. Trans World Airlines,* 681 F.2d 1199, 1201–02 (9th Cir. 1982)). Two events are part of the same transaction or series of transactions where the claims share a factual foundation such that they could have been tried together. *W. Systems, Inc. v. Ulloa,* 958 F.2d 864, 871 (9th Cir. 1992). "A plaintiff need not bring every possible claim. But where claims arise from the same factual circumstances, a plaintiff must bring all related claims together or forfeit the opportunity to bring any omitted claim in a subsequent proceeding." *Turtle Island Restoration Network v. U.S. Dep't of State,* 673 F.3d 914, 918 (9th Cir. 2012).

Here, the claims in *Plumb I* are largely identical to the present complaint. The same series of events led to plaintiff's harm – the use of force during plaintiff's arraignment and his subsequent medical treatment. Indeed, the majority of the allegations in *Plumb II* are duplicative allegations of *Plumb I*. Substantively identical allegations that are virtually indistinguishable from those alleged in the previously-concluded action satisfy the requirement that the claims stem from "the same transactional nucleus of facts." *See Turtle Island*, 673 F.3d at 918 (noting that the controlling inquiry is whether both claims could have been brought based on the same

1 | set of facts and actions). Thus, the Court concludes that the two actions involve the same claims
2 | for purposes of applying the doctrine of res judicata, and the third element is met.

### D. Conclusion

In sum, the doctrine of res judicata bars relitigation of plaintiff's complaint in *Plumb II* because there is a final judgment on the merits in *Plumb I,* privity between the parties, and an identity of claims. Accordingly, because the complaint is barred by res judicata, defendants' motion to dismiss (Dkt. 15) is granted. Given that any amendment would be futile because plaintiff's complaint arises from the same nucleus of facts as the previous action, no leave to amend is granted.

### II.     Statute of Limitations

As the Court recommends that the motion to dismiss be granted as barred by the doctrine of res judicata, it is not necessary to address the statute of limitations argument.

### III.    Claims Against Defendant Sidbee

On April 17, 2019 the Court directed service of plaintiff's complaint. Dkt. 8. Waivers of service were due May 28, 2019. *See* docket entry dated April 17, 2019. To date, defendant Sidbee has not returned a waiver of service. *See* Dkt. Defense counsel has not appeared on behalf of defendant Sidbee. *See* Dkt. On June 6, 2019, the Court ordered defendants to file defendant Sidbee's address under seal on or before July 10, 2019. Dkt. 14. On June 24, 2019, plaintiff filed a notice of correction regarding the spelling of defendant "Silbee" to "Sidbee". Dkt. 17. The notice further stated that "C.O. Sidbee is more of a witness than a 'Defendant.'" Dkt. 17 at 2.

On July 9, 2019, defendants filed a motion for clarification, requesting that the Court order plaintiff to clearly outline who the intended name defendants, as opposed to witnesses, and upon clarification, defendant may provide or seek appropriate waivers of any remaining named

1  defendants. Dkt. 20. On July 17, 2019, plaintiff responded to the motion for clarification, stating
2  that he intended to name Sidbee as a defendant, regardless of how "inarticulately stated". Dkt.
3  22.

4  Based on the foregoing, the Court concludes that plaintiff's complaint is barred under res
5  judicata and recommends that the motion to dismiss brought by defendants Peterson, Whitehead
6  and Pierce County be dismissed. A court may dismiss claims against an unserved defendant
7  when ruling on a dispositive motion brought by other defendants. *See Johnson v. Meltzer*, 134
8  F.3d 1393, 1396 (9th Cir. 1998) (proper to dismiss without prejudice unserved defendant in
9  decision granting summary-judgment motion brought by other defendants); *Franklin v.*
10  *Giurbino*, 2017 WL 24862, at *6 (N.D. Cal. Jan. 3, 2017) (granting served defendants' motion to
11  dismiss plaintiff's Eighth Amendment claims and dismissing same claims against unserved
12  defendants because "the allegations against [them] are the same," other defendants were entitled
13  to qualified immunity, and "[t]here [was] no suggestion in the complaint or in the briefs" that
14  analysis would differ for unserved defendants), *appeal dismissed*, 2017 WL 3951862 (9th Cir.
15  July 13, 2017).

16  Here, the allegations against defendant Sidbee are similar to those against defendants
17  Peterson, Whitehead, and Pierce County. Nothing in plaintiff's complaint or the parties' briefing
18  on the motion to dismiss suggests that the res judicata doctrine would not apply to defendant
19  Sidbee. Accordingly, plaintiff's claims against defendant Sidbee should be dismissed without
20  prejudice. The Court also recommends denying defendant's motion for clarification (Dkt. 20) as
21  moot.

## CONCLUSION

For the reasons set forth above, the Court recommends defendants motion to dismiss (Dkt. 15) be granted and that plaintiff's complaint be dismissed. The Court also recommends that plaintiff's claims against defendant Sidbee be dismissed without prejudice and that defendants' motion for clarification (Dkt. 20) be denied as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **September 6, 2019** as noted in the caption.

Dated this 13th day of August, 2019.

J. Richard Creatura
United States Magistrate Judge